No. 23-15846

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DANTE DEMARTINI, CURTIS BURNS JR., NICHOLAS ELDEN, JESSIE GALVAN, CHRISTOPHER JOSEPH GIDDINGS-LAFAYE, STEVE HERRERA, HUNTER JOSEPH JAKUPKO, DANIEL DERMOT ALFRED LOFTUS, BEOWULF EDWARD OWEN, AND IVAN CALVO-PEREZ

*Plaintiff-Appellant*,

v.

MICROSOFT CORPORATION, a Washington corporation

*Defendant-Appellee [or Defendant-Appellant]*.

On Appeal from the United States District Court
for the Northern District of California
No. 3:22-cv-08991-JSC
Hon. Judge Jacqueline Scott Corley

## MOTION FOR TEMPORARY INJUNCTION PENDING APPEAL
## REDACTED

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800

Joseph M. Alioto Sr.
**ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-9200

*Attorneys for Appellants Dante Demartini, Curtis Burns Jr., Nicholas Elden, Jessie Galvan, Christopher Joseph Giddings-Lafaye, Steve Herrera, Hunter Joseph Jakupko, Daniel Dermont Alfred Loftus, Beowulf Edward Owen and Ivan Calvo-Perez*

## TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................1

LEGAL STANDARD...........................................................................................2

ARGUMENT .........................................................................................................3

CONCLUSION ...................................................................................................11

# **TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*Boardman v. Pacific Seafood Group*,
   822 F.3d 1011 (9th Cir. 2016) ................................................................*passim*

*California v. Am. Stores Co.*,
   492 U.S. 1301 (1989)................................................................................1, 4, 6, 8

*F.T.C. v. Food Town Stores, Inc.*,
   539 F.2d 1339 (4th Cir. 1976) ...........................................................................9

*Providence Journal Co. v. Federal Bureau of Investigation*,
   595 F.2d 889 (1st Cir. 1979)..............................................................................9

*Se. Alaska Conservation Council v. U.S. Army Corps of Engineers*,
   472 F.3d 1097 (9th Cir. 2006) ...........................................................................3

*State of Cal. by Van de Kamp v. Am. Stores Co.*,
   697 F. Supp. 1125 (C.D. Cal. 1988) .............................................................6, 10

*Taleff v. Sw. Airlines Co.*,
   828 F. Supp. 2d 1118 (N.D. Cal. 2011)............................................................10

*Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*,
   559 F.2d 841 (D.C.Cir.1977)............................................................................9

**Federal Statutes**

15 U.S.C. § 26................................................................................................4, 5, 6, 8

**Rules**

Fed. R. of App. P. 8(a) ......................................................................................2, 3

**Other Authorities**

*Merger Enforcement Under the Hart-Scott-Rodina Act*, October 31, 1996, available at https://www.ftc.gov/news-events/news/speeches/reflections-20-years-merger-enforcement-under-hart-scott-rodino-act ...................................................................................10

**Other Authorities**

*Merger Enforcement Under the Hart-Scott-Rodina Act*, October 31, 1996, available at https://www.ftc.gov/news-events/news/speeches/reflections-20-years-merger-enforcement-under-hart-scott-rodino-act ...................................................................................10

## INTRODUCTION

Plaintiffs seek temporary interim relief to preserve the status quo pending the resolution of Plaintiffs' appeal of the district court's denial of Plaintiffs' motion for preliminary injunction. As of right now, Microsoft's proposed merger with Activision has not occurred. Plaintiffs seek to enjoin that merger and sought temporary injunctive relief to prevent it. Plaintiffs appeal from the denial of the temporary injunction. The merger is imminent and can be closed at any time.

Unless temporary relief is granted now, Microsoft will be able to acquire and merge with Activision before the Ninth Circuit can address whether Plaintiffs are entitled to a preliminary injunction. Absent this relief, Plaintiffs' appeal will be rendered a nullity, and the damage that Plaintiffs seek to prevent as a consequence of the merger will have already occurred. Indeed, in such event, competition will likely be irreparably harmed—as the Court below assumed—and Plaintiffs will lose their opportunity to appeal. Just as the Supreme Court did in *California American Stores*, 492 U.S. 1301, 1304 (1989), Plaintiffs ask this Court to issue a temporary injunction to preserve the status quo pending Plaintiffs' appeal. The alternative—trying to unscramble the egg after the merger has happened—is no substitute. It is ineffective and inefficient to try to restore the parties ex-post to the positions that they are now in.

1

The district court's order assumed that the merger would substantially lessen competition. *See* ER-005 ("For purposes of this Order, the Court will assume Plaintiffs have met their burden of showing a likelihood of success on the merits."). But the district court held that Plaintiffs were not entitled to a preliminary injunction because they did not demonstrate that the consummation of the merger would immediately and irreparably harm them, and further, that even if the merger would harm them, any harm could be undone by a subsequent order of divestiture post-merger. *See* ER-008 ("[P]laintiff's injury could be immediate only if the merger, or particular aspects of the merger, could not be undone.") The district court erred as a matter of law by concluding that irreparable harm to competition could not satisfy Plaintiffs' requirement of showing threatened irreparable harm for purposes of a preliminary injunction. The district court's order failed to follow the Supreme Court and the Ninth Circuit's clear holding that "[a] lessening of competition constitutes an irreparable injury under our case law." *See Boardman v. Pac. Seafood Group*, 822 F.3d 1011, 1023 (9th Cir. 2016); *Am. Stores*, 492 U.S. at 1304.

## LEGAL STANDARD

This motion is brought pursuant to Federal Rule of Appellate Procedure 8(a). "In deciding whether to grant an injunction pending appeal, the court 'balances the plaintiff's likelihood of success against the relative hardship to the

2

parties.'" *See Alaska Conservation Council v. U.S. Army Corps of Engineers*, 472 F.3d 1097, 1100 (9th Cir. 2006) (quoting *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.*, 415 F.3d 1078, 1092 (9th Cir.2005).

Pursuant to Federal Rule of Appellate Procedure 8(a)(2)(A)(i), Plaintiffs did not move for an injunction pending appeal in the district court first, because the district court already denied Plaintiffs' Motion for Preliminary Injunction, which is the subject of Plaintiffs' appeal. Thus, it would have been impractical and futile to first move in the district court for an injunction pending appeal, which also includes a requirement of showing possible irreparable harm, where the district court already held that Plaintiffs could not meet the irreparable harm element under an erroneous interpretation of the law.

## ARGUMENT

Plaintiffs ask the court for interim temporary relief to preserve the status quo until the Ninth Circuit can address Plaintiffs' appeal. Without temporary relief, Microsoft is imminently likely to consummate the merger before the Ninth Circuit can resolve whether Plaintiffs are entitled to a preliminary injunction, which, as the Court assumed, might irreparably harm competition in several markets in the video game industry. *See* ER-005 ("The Court will assume Plaintiffs have met their burden of showing likelihood of success on the merits"). In that event, Plaintiffs

would lose the opportunity to appeal and competition will likely be irreparably harmed.

Plaintiffs are likely to win on appeal because the district court erred as a matter of law in several respects and failed to consider key evidence in the record below. Plaintiffs will file their opening brief as soon as possible, but a short summary of why Plaintiffs are likely to prevail on their appeal is set forth here.

First, the district court erred as a matter of law by holding that irreparable harm to competition in a market does not constitute irreparable harm to consumers who actively participate in that market. The district court's order, which adopted Microsoft's theory of the irreparable harm element for a preliminary injunction under Section 16 of the Clayton Act, is directly contrary to both Supreme Court and Ninth Circuit precedent. In *America Stores*, the Supreme Court issued an injunction pending plaintiffs' appeal to the Supreme Court because a "lessening of competition is precisely the kind of irreparable injury that injunctive relief under section 16 of the Clayton Act was intended to prevent." 492 U.S. at 1304. And in *Boardman*, the Ninth Circuit reaffirmed this bedrock principle of the Clayton Act for purposes of a preliminary injunction, holding that "[a] lessening of competition constitutes an irreparable injury under our case law." 822 F.3d at 1023. In both cases, the courts analyzed the immediacy element based on when the merger might occur, not when the effects of harm to competition would ultimately materialize

4

against the plaintiffs. The district court here assumed that the merger would substantially lessen competition. ER-005. Yet it denied the injunction, in contravention of applicable Supreme Court and Ninth Circuit precedent. Indeed, the district court ignored and inexplicably did not address *American Stores* and *Boardman's* key holdings: that a lessening of competition constitutes an irreparable injury for purposes of a preliminary injunction under Section 16 of the Clayton Act. This was clear error, subject to review *de novo*.

      Second, the district court's order ignored and failed to consider key evidence in the record below. The evidence demonstrated that these Plaintiffs are indeed threatened with irreparable harm. For example, the Court failed to address the testimony of Plaintiffs' expert, which stated, among other things, that "[t]he day the merger is consummated, the upward pressure on the price of [Triple-A video games] will begin to be felt" due to the reduction in competition between Microsoft and Activision. ER-043. Appellee did not controvert this evidence, instead contending that it would take some time for Appellants and other gamers to experience these effects. The Court did not explain why the potential for higher grocery prices in *American Stores* and reduced prices for wholesale fish in *Boardman* were sufficient to satisfy the irreparable harm element, yet uncontroverted evidence that the merger would lessen competition and increase prices was insufficient here. In doing so, the district court failed to correctly apply

5

the legal standard to the facts before it. In both *American Stores* and *Boardman*, cases brought by private plaintiffs, the district courts merely found that the mergers might lessen competition and might increase prices and did not require plaintiffs to show more with respect to the manifestation of anticompetitive effects. *See State of Cal. by Van de Kamp v. Am. Stores Co.*, 697 F. Supp. 1125, 1134 (C.D. Cal. 1988); *Boardman*, 822 F.3d at 1022–23. Indeed, here the district court in fact assumed that these anticompetitive effects would likely occur but nonetheless refused to enter the injunction, contrary to the applicable law. *Am. Stores*, 492 U.S. at 1304 ("[L]essening of competition is precisely the kind of irreparable injury that injunctive relief under section 16 of the Clayton Act was intended to prevent."); *see also* 15 U.S.C. § 26.

The Court also failed to consider uncontroverted evidence that Microsoft had the intention to put its main competition, the Sony PlayStation, out of the market; and that this merger is a part of that strategy. In an internal email, Microsoft's Head of Xbox Game Studios stated the following to Microsoft's Chief Financial Officer of Xbox:





ER-011. Nor did the district court consider or address the uncontroverted evidence that this merger has the potential to drastically harm PlayStation's ability to compete. ER-061–78. Assuming that this merger might harm competition, including the ability of Microsoft's competitors across several markets to compete (or even, as Microsoft thinks, might put PlayStation out of business) as the district court assumed, the district court erred in holding that Plaintiffs could not show immediate irreparable harm to themselves. As the Plaintiffs' uncontroverted declarations established, harm to competition in the video game industry would certainly harm these Plaintiffs.

Nor did the district court consider the substantial—and also uncontroverted—evidence showing that Microsoft has strong and admitted incentives to make gaming content exclusive to Microsoft platforms. Microsoft has previously reneged on promises to regulators to preserve competition and access to key gaming content after prior acquisitions. For example, when Microsoft acquired another large gaming company ZeniMax in 2021 for $7.5 billion, they assured regulatory agencies that they did not have the incentive to make ZeniMax games

7

exclusive. Yet immediately after consummating the merger, they did just that, immediately halting development of games that were currently being developed for PlayStation. In a recent interview with the developer for Bethesda's *Redfall*, the developer stated: "We got bought by Microsoft and that was a huge sea change. They said, 'no PlayStation 5. Now we're gonna do Game Pass, Xbox, and PC.'" *See Microsoft Scrapped a PS5 Version of Redfall, Says Arkane Director*, IGN, available at https://me.ign.com/en/ps5/206501/news/microsoft-scrapped-a-ps5-version-of-redfall-says-arkane-director. Microsoft may do the same here absent relief from this Court.

The balance of equities strongly tip in Plaintiffs' favor. The "lessening of competition is precisely the kind of irreparable injury that injunctive relief under section 16 of the Clayton Act was intended to prevent." *Am. Stores*, 492 U.S. at 1304. Here, the district court assumed that this merger might substantially lessen competition. Thus, if Plaintiffs would prevail on their appeal but Microsoft is allowed to merge before that, it must be assumed that irreparable harm to competition will occur. And the record evidence in this case supports the district court's assumption. *See* ER-011, ER-015–46, ER-061–78. Inexplicably, the district court misapplied this assumption.

Granting this motion only has the potential effect of preserving the status quo *ex ante*, possibly delaying Microsoft's merger of Activision. Possible delay of

8

the merger, to preserve and maintain the current situation, is far outweighed by possible irreparable harm to competition. Because this merger may irreparably harm competition and the public interest and the balance of equities tips sharply in Plaintiffs' favor, temporary relief should issue so long as there are serious questions going to the merits of Plaintiffs' appeal. *See, e.g., F.T.C. v. Food Town Stores, Inc.*, 539 F.2d 1339, 1346 (4th Cir. 1976) (granting "injunction pending appeal prohibiting the parties from the consummation of a merger," and holding that the Court would "grant a motion to advance the appeal and direct the clerk to fix an accelerated briefing schedule," to ensure that any delay to the merger should the appeal fail be mitigated); *Am. Stores*, 492 U.S. at 1307 (issuing temporary injunction pending appeal to the Supreme Court because the potential irreparable harm to competition outweighed the potential harm in delaying the merger, and there was at least a "reasonable probability" that the appeal to the Supreme Court would be successful); *Providence Journal Co. v. Federal Bureau of Investigation*, 595 F.2d 889, 890 (1st Cir. 1979) (holding that if "denial of a stay will utterly destroy the status quo, irreparably harming appellants, but the granting of a stay will cause relatively slight harm to appellee, appellants need not show an absolute probability of success in order to be entitled to a stay."); *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir.1977) (holding that the court "is not required to find that ultimate success by the movant

9

is a mathematical probability, and indeed, as in this case, may grant a stay even though its own approach may be contrary to movant's view of the merits").

In contrast, it would be difficult if not impossible to restore the parties' current situation ex post, if the merger is consummated. Courts have repeatedly noted the difficulty of "unscrambling the egg" or "unringing the bell" in this situation. *See State of Cal. by Van de Kamp v. Am. Stores Co.*, 697 F. Supp. 1125, 1134 (C.D. Cal. 1988) ("If the Court is to make a determination as to whether this merger is anticompetitive, the State is correct in its assertion that the egg must be examined before it becomes an omlette."); *See also*, William J. Baer, *Reflections on 20 Years of Merger Enforcement Under the Hart-Scott-Rodina Act*, October 31, 1996, available at https://www.ftc.gov/news-events/news/speeches/reflections-20-years-merger-enforcement-under-hart-scott-rodino-act (discussing how mergers cannot be "unscrambled" after they are consummated)." Indeed, the harm to Defendants in unwinding the merger would be much greater than delaying it. *See Taleff v. Sw. Airlines Co.*, 828 F. Supp. 2d 1118, 1124 (N.D. Cal. 2011), aff'd, 554 F. App'x 598 (9th Cir. 2014) (rejecting divestiture after a merger because the court would have to compel defendants that had already integrated their operations to separate, causing undue hardship to defendant). Moreover, it is far more consistent with the interests of justice to prevent the harm to competition before it occurs, instead of trying to calculate damages or restore the position of the parties through

an injunction after the merger has happened. *See Boardman*, 822 F.3d at 1024 ("[T]he central purpose of the antitrust laws, state and federal, is to preserve competition. It is competition ... that these statutes recognize as *vital to the public interest*."). The equities and the public interest favor temporarily enjoining the merger until the Ninth Circuit can adjudicate this appeal.

## CONCLUSION

The Court should issue a temporary injunction preventing Microsoft from merging pending Plaintiffs' appeal.

Date: June 9, 2023              Joseph R. Saveri

*/s/ Joseph R. Saveri*
Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800

Joseph M. Alioto Sr.
**ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-9200

*Attorneys for Appellants Dante Demartini, Curtis Burns Jr., Nicholas Elden, Jessie Galvan, Christopher Joseph Giddings-Lafaye, Steve Herrera, Hunter Joseph Jakupko, Daniel Dermont Alfred Loftus, Beowulf Edward Owen and Ivan Calvo-Perez*