No. 23-15846

# IN THE
# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DANTE DEMARTINI, CURTIS BURNS JR., NICHOLAS ELDEN, JESSIE GALVAN, CHRISTOPHER JOSEPH GIDDINGS-LAFAYE, STEVE HERRERA, HUNTER JOSEPH JAKUPKO, DANIEL DERMOT ALFRED LOFTUS, BEOWULF EDWARD OWEN, and IVAN CALVO-PEREZ

*Plaintiffs-Appellants*,

v.

MICROSOFT CORPORATION, a Washington corporation

*Defendant-Appellee*.

**On Appeal from the United States District Court
for the Northern District of California**
No. 3:22-cv-08991-JSC
Hon. Jacqueline Scott Corley

**NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 FOR INTERVENTION FOR THE LIMITED PURPOSE OF MOVING TO MAINTAIN SEAL**

**RELIEF NEEDED BY: JUNE 29, 2023**

Zachary G. Tschida (State Bar No. 344994)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: 650-815-4100
*Counsel for Non-Party Sony Interactive Entertainment LLC*

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Form 16. Circuit Rule 27-3 Certificate for Emergency Motion

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form16instructions.pdf

**9th Cir. Case Number(s)** | 23-15846

**Case Name** | DEMARTINI, ET AL. V. MICROSOFT CORPORATION

I certify the following:

The relief I request in the emergency motion that accompanies this certificate is:

> Intervention for the limited purpose of moving to maintain seal.

Relief is needed no later than *(date)*: Jun 29, 2023

The following will happen if relief is not granted within the requested time:

> Non-public Sony Interactive Entertainment LLC ("SIE") information, including but not limited to SIE's business strategies, user and cost data, consumer surveys, partner negotiations, and research and development plans would be revealed to SIE's competitors and the industry in general, potentially causing irreparable harm to SIE.

I could not have filed this motion earlier because:

> This motion is filed as early as possible given the time required to review Plaintiffs-Appellants' filings on June 9, 2023, confirm the need for continued sealing of the materials in question, and prepare the relevant motions.

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 16** | 1 | *Rev. 11/21/2019*

I requested this relief in the district court or other lower court: ☐ Yes  ☒ No

    If not, why not:

> Not applicable.  SIE sought to seal the materials in the district court but did not seek intervention because intervention was not required.

I notified 9th Circuit court staff via voicemail or email about the filing of this motion: ☒ Yes  ☐ No

    If not, why not:

>

I have notified all counsel and any unrepresented party of the filing of this motion:

    On *(date)*: Jun 26, 2023

    By *(method)*: E-mail

    Position of other parties: unknown

    Name and best contact information for each counsel/party notified:

> For Plaintiffs-Appellants:
> Joseph R. Saveri (jsaveri@saverilawfirm.com), et al.
> Joseph M. Alioto (jmalioto@aliotolaw.com)
>
> For Defendant-Appellee:
> Beth Wilkinson (bwilkinson@wilkinsonstekloff.com), et al.
> Valarie Williams (valarie.williams@alston.com), et al.
> Adam B. Banks (adam.banks@weil.com)

I declare under penalty of perjury that the foregoing is true.

**Signature** s/Zachary G. Tschida     **Date** June 26, 2023

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

# CIRCUIT RULE 27-3 CERTIFICATE

Pursuant to Circuit Rule 27-3(c), I hereby certify as follows in support of Non-Party Sony Interactive Entertainment LLC's ("SIE's") emergency motion to intervene under Federal Rule of Civil Procedure 24 and Circuit Rule 27-3:

(1) As required by Circuit Rule 27-3(c)(i), the tables below contain the names, telephone numbers, e-mail addresses, and office addresses of the attorneys for the parties.

For Plaintiffs-Appellants:

| | |
|---|---|
| Joseph R. Saveri<br>Steven N. Williams<br>Cadio Zirpoli<br>David Seidel<br>Kathleen Jordan McMahon<br>JOSEPH SAVERI LAW FIRM, LLP<br>601 California Street, Suite 1000<br>San Francisco, CA 94108<br>Telephone: (415) 500-6800<br>jsaveri@saverilawfirm.com<br>swilliams@saverilawfirm.com<br>czirpoli@saverilawfirm.com<br>dseidel@saverilawfirm.com<br>kmcmahon@saverilawfirm.com | Joseph M. Alioto Sr.<br>ALIOTO LAW FIRM<br>One Sansome Street, 35th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 434-9200<br>jmalioto@aliotolaw.com |

For Defendant-Appellee:

| | |
|---|---|
| Beth A. Wilkinson<br>Rakesh Kilaru<br>Anastasia Pastan<br>Anthony Patrick Ferrara<br>WILKINSON STEKLOFF, LLP<br>2001 M Street, NW | Valarie C. Williams<br>Tania L. Rice<br>ALSTON & BIRD LLP<br>560 Mission Street<br>Suite 2100<br>San Francisco, CA 94150 |

i

| | |
|---|---|
| 10th Floor<br>Washington, DC 20036<br>Telephone: (202) 847-4000<br>bwilkinson@wilkinsonstekloff.com<br>rkilaru@wilkinsonstekloff.com<br>apastan@wilkinsonstekloff.com<br>aferrara@wilkinsonstekloff.com | Telephone: (415) 243-1000<br>valarie.williams@alston.com<br>tania.rice@alston.com<br><br>B. Parker Miller<br>Robert H. Poole<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street, Suite 4900<br>Atlanta, GA 30309<br>Telephone: (404) 881-7000<br>parker.miller@alston.com<br>robert.poole@alston.com<br><br>David R. Venderbush<br>ALSTON & BIRD LLP<br>90 Park Avenue<br>15th Floor<br>New York, NY 10016<br>Telephone: (212) 210-9400<br>david.venderbush@alston.com |
| Adam B. Banks<br>WEIL GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000<br>adam.banks@weil.com | |

(2) As required by Circuit Rule 27-3(c)(ii), the following provides facts showing the existence and nature of the claimed emergency. I certify that to avoid irreparable harm to SIE, relief is needed in less than 21 days. SIE must intervene to be able to file a motion to continue seal and a supporting declaration. SIE may also seek to seal additional material in the future if further confidential SIE information is submitted to this Court in this appeal. If SIE is not permitted to file

ii

its motion to continue seal, non-public SIE information, including but not limited to SIE's business strategies, user and cost data, consumer surveys, partner negotiations, and research and development plans would be revealed to SIE's competitors and the industry in general, potentially causing irreparable harm to SIE.

    (3) This motion is filed as early as possible given the time required to review Plaintiffs-Appellants' filings on June 9, 2023, confirm the need for continued sealing of the materials in question, and prepare the relevant motions.

    (4) As required by Circuit Rule 27-3(a), counsel for SIE notified counsel for Plaintiffs-Appellants and Defendant-Appellee of SIE's intent to file the emergency motion to intervene on June 26, 2023 via email.  Service of this motion will be effected by electronic service through the CM/ECF system.

(5) The relief in question can only be sought in this Court. The materials and information that SIE seeks to seal are already sealed in the district court pursuant to Judge Corley's decision dated June 26, 2023 on SIE's motion to seal. Order re Motions to Seal and Discovery Dispute, *DeMartini v. Microsoft Corp.*, No. 3:22-cv-08991 (N.D. Cal. June 26, 2023) (ECF 226). SIE seeks relief to maintain that same information under seal in this Court.

Dated: June 26, 2023        Respectfully submitted,

By: /s/ *Zachary G. Tschida*
Zachary G. Tschida
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: 650-815-4100

*Counsel for Non-Party Sony Interactive Entertainment LLC*

# EMERGENCY MOTION FOR INTERVENTION

## Introduction

Non-party Sony Interactive Entertainment LLC ("SIE") produced confidential documents pursuant to subpoenas issued by Plaintiffs-Appellants as part of the discovery process in the lower court. Some of these documents and the information within them were then included in Plaintiffs' trial court filings and have been provisionally sealed pending SIE's motion to seal. The Plaintiffs-Appellants have included two of these documents in their Excerpts of Record and on June 9, 2023 provided SIE with a corresponding Notice of Intent to Unseal these documents under Circuit Rule 27-13(f) ("Notice"). Pursuant to Circuit Rule 27-13(f), a motion to seal must be filed within 21 days of the Notice or the sealed documents may be unsealed without notice. SIE seeks to file a motion to continue seal in response to the Notice, but, as a non-party, SIE is not permitted to file any document in this case without first intervening. Accordingly, SIE moves to intervene for the limited purpose of moving to continue seal of information provisionally sealed in the trial court. SIE may also seek to seal additional material submitted to this Court if additional confidential information is submitted in this appeal in the future. To enable SIE to meet the 21-day deadline for responding to the Notice, which is June 30, 2023, SIE respectfully requests a decision on this Motion for Intervention by June 29, 2023.

**Argument**

Circuit Rule 27-13(f) provides that a filing party may file documents in the Court of Appeals that are provisionally under seal in the trial court, along with a notice of intent to file publicly, "in order to allow any other party an opportunity to move for appropriate relief within 21 days of the notice." This Court provides Form 20—"Notice of Intent to Unseal"—which allows the filing party to give the requisite notice upon which the 21-day clock begins to run. Form 20 reminds the recipient that documents sealed in the trial court will be unsealed unless "any other party" files a motion to seal within 21 days.

The Appellate Lawyer Representatives' Guide to practice in this Court advises that for a non-party seeking to file a motion to seal or continue seal, "the proper procedure is to file a motion to intervene for the limited purpose of moving to seal (or maintaining the case under seal . . . )." Appellate Practice Guide to Practice in the United States Court of Appeals for the Ninth Circuit, May 2021 ed., at 64. Federal Rule of Civil Procedure 24 governs a motion for intervention in this Circuit. *Bates v. Jones*, 127 F.3d 870, 873 (9th Cir. 1997). This Court examines four factors to determine whether a party may intervene as of right under Rule 24(a)(2):

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or

2

transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*United States of America v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1148 (9th Cir. 2010).

This Court generally construes Rule 24(a) "liberally in favor of potential intervenors" and is "guided primarily by practical considerations." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). This Court regularly permits non-parties to intervene for the limited purpose of maintaining a seal over documents that directly affect their interests. *See, e.g.*, Order, *Bos. Ret. Sys. v. Uber Techs., Inc.*, Order, No. 22-80076 (9th Cir. Feb. 24, 2023) (ECF 22); Order, *Nat'l Abortion Fed'n v. Newman*, No. 21-15953 (9th Cir. Feb. 28, 2022) (ECF 49).

SIE submits this motion for intervention for the limited purpose of continuing the sealing of SIE's provisionally sealed information. All four factors point in favor of this Court permitting intervention.

3

**1. Timeliness**

Courts consider three factors when determining whether a motion to intervene is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002) (citation omitted).

Here, SIE moves for intervention within the 21-day period for moving to seal set forth in Circuit Rule 27-13(f). There can be no prejudice where SIE seeks to be heard as contemplated by Rule 27-13(f), and SIE has no reason to believe the parties would oppose its being heard on the merits of its confidentiality designations. Finally, there has been no material delay; relief is sought by "Emergency Motion," which is required to be filed before the motion to seal can be filed. And a motion to seal must be filed "within 21 days"—the same period of time that renders a request for relief an "emergency" under Circuit Rule 27-3. SIE has filed this motion for intervention without material delay and within the 21-day emergency timeframe.

**2. Significantly Protectable Interest**

The confidential materials at issue include non-public SIE information, including, but not limited to, SIE's business strategies, user and cost data, consumer surveys, partner negotiations, and research and development plans.

SIE's interest in protecting this material from disclosure constitutes a significantly protectable interest. "[P]reventing the disclosure of commercially-sensitive and confidential information is a well-established interest sufficient to justify intervention under Rule 24(a)." *100Reporters LLC v. United States Dep't of Justice,* 307 F.R.D. 269, 275 (D.D.C. 2014) (citing *Pub. Citizen Health Research Grp. v. FDA*, 185 F.3d 898, 900 (D.C. Cir. 1999)). This Court has recognized that "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might . . . become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). SIE, as a non-party, should be allowed to advocate for the protection of its highly confidential materials where the parties have no incentive or intention to do so.

### 3. Ability to Protect Interest

The only way for SIE to protect its interest within the procedures of Circuit Rule 27-13(f) is to file a motion to continue seal. Since this Court requires intervention for a non-party to file a motion to seal under Circuit Rule 27-13(f), intervention is the only way for SIE to protect its interest as the Circuit Rules do not outline a procedure for non-party SIE to file a motion to continue seal.

### 4. Inadequate Representation by Parties

In the situation presented by Circuit Rule 27-13(f)—where a party files a notice of intent to file publicly—the parties by admission will not advocate for SIE's interests. Filing and serving Form 20 is express notice of their inadequacy to represent SIE's interests in sealing.

## CONCLUSION

For all the reasons cited herein, SIE respectfully requests that the Court permit SIE to intervene for the limited purpose of moving to continue seal of its provisionally sealed material and to seal additional material submitted to this Court if additional confidential SIE information is submitted in the future.

Dated: June 26, 2023              Respectfully submitted,

By: */s/ Zachary G. Tschida*
Zachary G. Tschida
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: 650-815-4100

*Counsel for Non-Party Sony Interactive Entertainment LLC*

## CERTIFICATE OF COMPLIANCE

This certification is made pursuant to Fed. R. App. P. 32(g). This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A)-(B) (maximum of 5,200 words and 20 pages) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,214 words on 6 pages.

As required by Fed. R. App. P. 27(d)(1)(E), this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: June 26, 2023          Respectfully submitted,

By: /s/ *Zachary G. Tschida*
Zachary G. Tschida
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: 650-815-4100

*Counsel for Non-Party Sony Interactive Entertainment LLC*