No. 23-15846
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DANTE DEMARTINI, CURTIS BURNS JR., NICHOLAS ELDEN, JESSIE GALVAN, CHRISTOPHER JOSEPH GIDDINGS-LAFAYE, STEVE HERRERA, HUNTER JOSEPH JAKUPKO, DANIEL DERMOT ALFRED LOFTUS, BEOWULF EDWARD OWEN, AND IVAN CALVO-PEREZ

*Plaintiff-Appellant*,

v.

MICROSOFT CORPORATION, a Washington corporation

*Defendant-Appellee*.

On Appeal from the United States District Court
for the Northern District of California
No. 3:22-cv-08991-JSC
Hon. Judge Jacqueline Scott Corley

## APPELLANTS' EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 – RELIEF NEEDED BY JULY 14, 2023

Joseph R. Saveri
Steven N. Williams
Cadio Zirpoli
David H. Seidel
Kathleen McMahon
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800

Joseph M. Alioto Sr.
**ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-9200

*Attorneys for Appellants Dante Demartini, Curtis Burns Jr., Nicholas Elden, Jessie Galvan, Christopher Joseph Giddings-Lafaye, Steve Herrera, Hunter Joseph Jakupko, Daniel Dermont Alfred Loftus, Beowulf Edward Owen and Ivan Calvo-Perez*

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Form 16. Circuit Rule 27-3 Certificate for Emergency Motion

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form16instructions.pdf

**9th Cir. Case Number(s)** 23-15846
**Case Name** *Dante DeMartini, et al. v. Microsoft Corporation*

I certify the following:

The relief I request in the emergency motion that accompanies this certificate is:

Plaintiff-Appellants request that their motion for a temporary injunction pending their appeal be adjudicated no later than July 14, 2023. The motion is fully briefed. *See* ECF Nos. 7, 18 and 26.

Relief is needed no later than *(date)*: July 14, 2023

The following will happen if relief is not granted within the requested time:

If Plaintiff-Appellants' motion for a temporary injunction pending their appeal is not adjudicated by July 14, 2023, Microsoft will merge with Activision Blizzard and irreparably harm competition in the video game industry markets for consoles, computer operating systems, game library subscriptions, cloud-gaming, and triple-A video games.

I could not have filed this motion earlier because:

Plaintiff-Appellants' motion for a temporary injunction pending their appeal became an emergency when the district court denied the Federal Trade Commission's motion for a preliminary injunction, entered on the docket at 7:54 a.m. PDT on July 11, 2023. The district court ordered that the TRO would expire at 11:59 p.m. on July 14, 2023. This emergency motion was filed within roughly five hours of the district court's denial of the FTC's motion for preliminary injunction, which triggered the expiration of the TRO on July 14, 2023.

i

I requested this relief in the district court or other lower court:   [ ] Yes   [X] No
   If not, why not:

   There was not enough time to seek this relief in the district court.


I notified 9th Circuit court staff via voicemail or email about the filing of this motion:   [X] Yes   [ ] No
   If not, why not:


I have notified all counsel and any unrepresented party of the filing of this motion:
   On *(date)*: 7/11/2023
   By *(method)*: Via Email
   Position of other parties: N/A

   Name and best contact information for each counsel/party notified:

Valarie C. Williams
Direct: 415-243-1000
Email: valarie.williams@alston.com
Fax: 415-243-1001
Alston & Bird, LLP
560 Mission Street, Suite 2100
San Francisco, CA 9410

Beth A. Wilkinson
Direct: 202-847-4010
Email: bwilkinson@wilkinsonstekloff.com
Fax: 202-847-4005
Wilkinson Stekloff, LLP
2001 M Street, NW, 10th Floor
Washington, DC 20036

I declare under penalty of perjury that the foregoing is true.

**Signature** /s/ Joseph R. Saveri_____ **Date** 7/11/2023
(use "s/[typed name]" *to sign electronically-filed documents*)

**TABLE OF CONTENTS**

I. PROCEDURAL HISTORY ................................................................................1

II. ARGUMENT .....................................................................................................4

III. CONCLUSION ..................................................................................................6

Plaintiff-Appellants respectfully ask this Court to adjudicate Plaintiff-Appellants' motion for temporary injunction pending appeal on an emergency basis, no later than July 14, 2023. Plaintiff-Appellants' Motion is fully briefed and awaiting the Court's decision. ECF Nos. 7, 18 and 26. If Plaintiff-Appellants' Motion is not adjudicated by July 14, 2023, Microsoft and Activision Blizzard will consummate their $68 billion merger, further and significantly concentrating an already concentrated industry, which may substantially and irreparably harm competition across numerous video game markets in the United States. *See* ECF No. 29 (Appellants' Opening Brief). Plaintiffs seek this relief on an emergency basis because on July 11, 2023, the District Court denied the Federal Trade Commission's ("FTC") motion for a preliminary injunction and ordered that the TRO would expire at 11:59 p.m. PDT on July 14, 2023. Saveri Declaration, Ex. A.

I.     PROCEDURAL HISTORY

On January 18, 2022, Microsoft and Activision Blizzard announced that Microsoft would purchase Activision Blizzard for $68.7 billion. Soon after the statutory waiting period under the Hart-Scott-Rodino Act expired, on December 20, 2022, Plaintiffs filed suit in the Northern District of California on behalf of video game players to stop the unlawful merger. *See* 2-ER-225 at ECF No. 1.[1] Plaintiffs brought suit under Sections 7 and 16 of the Clayton Act, 15 U.S.C. §§ 18,

---

[1] All citations to the ER are to the Excerpts of Record submitted with Plaintiffs' opening appellate brief.

1

26, alleging that the merger might substantially lessen competition across numerous video game markets. *See* 2-ER-214 at ECF No. 84 (Pls' Am. Compl.). Also on December 20, 2022, Plaintiffs immediately moved for a preliminary injunction to stop the merger before it consummated to prevent the irreparable harm to competition that this merger threatens. *See* 2-ER-225 at ECF No. 4; *see also* 2-ER-208 at ECF No. 135.

The Court initially scheduled a hearing on Plaintiffs' motion for a preliminary injunction for February 16, 2023. 2-ER-223 at ECF No. 19. At Microsoft's request, however, the Court postponed the motion for preliminary injunction to April 12, 2023, and then to May 12, 2023. *See* 2-ER-219 at ECF No. 38; 2-ER-212 at ECF No. 97.

At the hearing on Plaintiffs' motion for preliminary injunction on May 12, 2023, the court held that Microsoft did not need to respond to Plaintiffs' motion for preliminary injunction on the merits. The Court held instead that Microsoft merely needed to address whether video game consumers were threatened with irreparable harm sufficient to be eligible for a preliminary injunction. ECF No. 30-2, 1-ER-002-010. On May 19, 2023, the Court denied Plaintiffs' motion for a preliminary injunction on that basis. *Id.* Plaintiffs appealed on June 6, 2023. *See* 2-ER-182–83.

Given that this merger might substantially lessen competition and cause irreparable competitive harm, Plaintiffs also moved for a temporary injunction

2

preventing the merger during the pendency of the appeal. ECF No. 7. Microsoft opposed that motion on June 20, 2023. ECF No. 18. Plaintiffs replied on June 7, 2023. ECF No. 26.

While Plaintiffs' appeal was pending, the FTC moved for the first time for a preliminary injunction in federal court on June 12, 2023. *See FTC v. Microsoft Corp. et al*, 23-cv-02880 (N.D. Cal.), at ECF No. 1.[2] The FTC brought its case in the Northern District of California, and the suit was promptly related to Plaintiffs' suit and assigned to the same judge, the honorable judge Jacqueline Scott Corley. *Id.* at ECF No. 21. The district court granted the TRO and set an evidentiary hearing on the FTC's motion for preliminary injunction for June 22, 23, 27, 28, 29.

On June 19, Plaintiffs moved for joinder and to participate in the FTC's evidentiary hearing. *See* 2-ER-197 at ECF No. 223. The district court denied Plaintiffs' motion, barring Plaintiffs from participating in the FTC's evidentiary hearing. *Id.* at ECF No. 224.

On July 11, 2023, the district court denied the FTC's motion for preliminary injunction. *FTC v. Microsoft Corp. et al*, 22-cv-08991 (N.D. Cal.), ECF No. 305 [Attached as Exhibit A to Saveri Declaration]. The order denies the FTC's motion for a preliminary injunction and therefore clears the way for Microsoft and Activision Blizzard to merge after the TRO dissolves at 11:59 p.m. on July 14. *Id.*

---

[2] A copy of the docket from *FTC v. Microsoft Corp. et al*, 23-cv-02880, is attached as Exhibit B to the Saveri Declaration filed in support.

3

## II. ARGUMENT

Plaintiffs ask the Court to adjudicate Plaintiffs' pending motion for a temporary injunction pending Plaintiffs' appeal on an emergency basis to ensure that Microsoft cannot consummate the unlawful merger before Plaintiffs have a chance to win their appeal and be heard on their motion for a preliminary injunction. Plaintiffs' Motion is fully briefed. ECF Nos. 7, 18 and 26. The Court should rule on Plaintiffs' fully briefed motion on or before July 14, 2023, because Microsoft will be able to immediately merge and irreparably harm competition across numerous markets once the TRO dissolves.

The reasons for granting Plaintiffs' motion prior to Microsoft and Activision consummating the merger are fully addressed in Plaintiffs' Motion, Microsoft's Opposition, and Plaintiffs' Reply. ECF Nos. 7, 18 and 26.

Further, there is no basis to conclude that the district court's order denying the FTC's motion for preliminary injunction precludes Plaintiffs from prevailing on their motion, their appeal, or their motion for a preliminary injunction on remand. First, the district court denied Plaintiffs' motion for joinder and precluded Plaintiffs from participating in the FTC's preliminary injunction hearing. *See* 2-ER-197 at ECF No. 224. Had the district court granted Plaintiffs' motion for joinder and to participate, issue preclusion may have applied to Plaintiffs based on the result of

4

the FTC action. But because the motion for joinder and Plaintiffs' ability to participate was denied, no issue preclusion can apply.

Second, the Supreme Court has made clear that private actions for injunctive relief under Section 16 of the Clayton Act, and governmental actions seeking identical injunctive relief, "proceed simultaneously or in disregard of each other." *United States v. Borden Co.*, 347 U.S. 514, 519 (1954). That holding makes sense. Congress codified a merger enforcement scheme that includes both private and public enforcement mechanisms. Congress did not give precedence or priority to either one. "[P]rivate and public actions were designed to be cumulative, not mutually exclusive." *Id*. at 518.

Third, Plaintiffs' allegations and theories of competitive harm are different than the FTC's. The FTC proceeding was governed by different theories, different parties, and different law. While the FTC continues to operate under the merger guidelines, the merger guidelines are not the law and Plaintiffs are not constrained by them. Further, Plaintiffs' theories of why the merger might substantially lessen competition are different than the FTC's. For example, the FTC did not make any

evidentiary showing on the horizontal harm to competition in the video games market.[3]

At bottom, Plaintiffs must be entitled to have their motion for preliminary injunction heard on the merits with an evidentiary hearing. Although Plaintiffs sought to combine evidentiary hearings with the FTC, the district court denied the request, holding that Plaintiffs would be entitled to have their claims heard on the merits after the FTC hearing. Plaintiffs are likely to win their appeal because the district court ignored binding Supreme Court and Ninth Circuit authority, wrongfully denying Plaintiffs' the opportunity to even be heard on the merits. *See* ECF No. 29 (Appellants' Opening Brief). Plaintiffs should have the opportunity to be heard before one of the largest mergers in history is consummated.

## III. CONCLUSION

For the reasons stated above, Plaintiffs ask that the Court adjudicate Plaintiffs' Motion for a Temporary Injunction Pending Plaintiffs' Appeal before Microsoft is able to consummate the merger at 11:59 p.m. PDT on July 14, 2023.

---

[3] Moreover, among other errors, the district court applied the wrong legal standard, holding that the FTC was required to show that the "combined firm will ***probably*** pull *Call of Duty* from Sony PlayStation," and that "to establish a likelihood of success . . . the FTC must show . . . competition ***would probably*** be substantially lessened." Saveri Decl. Ex. A at 1, 33 (emphasis added). Under the Clayton Act, mergers are unlawful that ***might*** substantially lessen competition, not will. Thus, only a "reasonable probability" of substantial lessening of competition is required, not a more likely than not standard. A reasonable probability does not mean more likely than not.

Date: July 11, 2023         Joseph R. Saveri

*/s/ Joseph R. Saveri*
Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Cadio Zirpoli (State Bar No. 179108)
David H. Seidel (State Bar No. 307135)
Kathleen McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
Email:   jsaveri@saverilawfirm.com
         swilliams@saverilawfirm.com
         czirpoli@saverilawfirm.com
         dseidel@saverilawfirm.com
         kmcmahon@saverilawfirm.com

Joseph M. Alioto Sr.
**ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-9200
Email:   jmalioto@aliotolaw.com

*Attorneys for Appellants Dante Demartini, Curtis Burns Jr., Nicholas Elden, Jessie Galvan, Christopher Joseph Giddings-Lafaye, Steve Herrera, Hunter Joseph Jakupko, Daniel Dermont Alfred Loftus, Beowulf Edward Owen and Ivan Calvo-Perez*